**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CHRISTOPHER SAMPSON,
            Appellant,

        v.

DEPARTMENT OF HOMELAND
    SECURITY,
            Agency.

DOCKET NUMBER
DA-0752-22-0059-I-1

DATE: August 28, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Veronica Harte</u>, Esquire, and <u>Christopher Forasiepi</u>, Esquire, Dallas, Texas,
    for the appellant.

<u>Eileen Dizon Calaguas</u>, Esquire, San Francisco, California, for the agency.

<u>Edward Kelley</u>, Chicago, Illinois, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his removal from Federal service and denied his affirmative defenses.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to VACATE the administrative judge's alternative findings concerning the appellant's whistleblower reprisal affirmative defense, we AFFIRM the initial decision.

## BACKGROUND

¶2    The appellant was a Transportation Security Inspector (TSI) with the Transportation Security Administration (TSA) from 2015 until November 3, 2021, when the agency removed him from Federal service. Initial Appeal File (IAF), Tab 20 at 25-35. TSIs conduct regulatory inspections and investigations and support criminal investigations. IAF, Tab 26 at 304. TSA utilizes a system called Performance and Results Information Systems (PARIS) to store data concerning investigations, inspections, and incidents, including Enforcement Investigative Reports (EIR). *Id.* EIRs are treated as privileged information and are generally not released outside of the agency. IAF, Tab 31 at 7.

¶3    The appellant's fiancé, J.F., was employed by Envoy Air, a subsidiary of American Airlines. IAF, Tab 26 at 112, 182-83. On March 27, 2021, J.F. reported to work at Dallas Fort Worth Airport when TSA discovered that he had

carried a firearm into a sterile area. *Id.* at 112. TSA opened an incident report and EIR in PARIS concerning this incident. *Id.*

¶4    On or about April 5, 2021, TSA issued J.F. a Letter of Investigation (LOI) alleging that he had violated a Federal regulation by carrying a loaded firearm into the airport. IAF, Tab 28 at 58-59, Tab 31 at 7. J.F. was not entitled to a copy of the EIR after receiving the notification. IAF, Tab 26 at 113. Typically, an alleged violator is entitled to a copy of the EIR after the agency's counsel, known as Field Counsel, has issued a Notice of Proposed Civil Penalty. *Id.*

¶5    On or about April 11, 2021, the appellant accessed PARIS to view a TSA incident report involving J.F. IAF, Tab 31 at 7. On the same day, the appellant accessed PARIS to view an EIR concerning J.F. *Id.* The appellant obtained knowledge of privileged information when he reviewed the unredacted copy of the EIR and its attachments. *Id.* J.F. was not entitled to view that information. IAF, Tab 26 at 113. On April 27 and 29, 2021, the appellant again accessed PARIS to view an EIR concerning J.F. *Id.* at 182-83. On April 29, 2021, the appellant engaged another TSI, D.R., in discussion of the EIR involving J.F. *Id.* at 113. He showed her a copy of the EIR and told her perceived weaknesses in the report. *Id.* In particular, he stated that a Federal regulation cited in the EIR did not apply to the circumstances of J.F.'s case. *Id.* at 132-33.

¶6    On the following day, D.R. accessed a copy of the EIR in PARIS. *Id.* at 134. She asserted that she wanted to verify the case number and her suspicion that the case involved the appellant's fiancé before reporting him for misconduct. *Id.* Later that day, she reported to a supervisor that she believed the appellant had engaged in misconduct by accessing PARIS for personal use. *Id.*

¶7    On April 30, 2021, the agency placed the appellant on administrative leave. *Id.* at 180. On September 2, 2021, it issued a notice of proposed removal based on charges of unauthorized use of Government property, misuse of position, and inappropriate comments. *Id.* at 110-121. On November 3, 2021, the agency

issued a decision sustaining the several specifications of the first two charges and removing him from Federal service. *Id.* at 25-38.

¶8 The appellant filed a Board appeal and, after a hearing, the administrative judge found that the agency proved its charges of unauthorized use of Government property and misuse of position, denied the appellant's affirmative defenses of sex discrimination and whistleblower reprisal, and found that the penalty of removal was reasonable. IAF, Tab 43, Redacted Initial Decision (ID). [2] The appellant has filed a petition for review, the agency has filed a response, and the appellant has filed a reply. Petition for Review (PFR) File, Tabs 3, 5-6.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶9 On review, the appellant challenges the administrative judge's findings regarding the charges and the affirmative defenses. As set forth below, we agree with the administrative judge that the agency proved its charges of unauthorized use of Government property and misuse of position, that the appellant did not prove his affirmative defenses, and that the penalty of removal is reasonable.

We agree with the administrative judge that the agency proved its unauthorized use of Government property charge.

¶10 To establish a charge of unauthorized use of Government property, the agency must establish that the employee used Government property and the use of the property was not authorized. *See Quarters v. Department of Veterans Affairs*, 97 M.S.P.R. 511, ¶¶ 2-4 (2004). An agency is not required to prove intent to sustain the charge. *Id.*, ¶ 4. As the administrative judge noted in the initial decision, the appellant stipulated that he used Government property when he accessed PARIS to view TSA's incident report and EIR regarding his fiancé, J.F. ID at 9 (citing IAF, Tab 19 at 1). The administrative judge found that the appellant's use of PARIS was not within the scope of his law enforcement duties because he was not assigned to investigate any matter pertaining to J.F. and, in

---

[2] All references to the initial decision in this order refer to the redacted initial decision. IAF, Tab 43.

fact, was prohibited from doing so, and his access was therefore unauthorized.[3] ID at 11.

¶11     On review, the appellant disputes, like he did before the administrative judge, that his use of the PARIS system was unauthorized. PFR File, Tab 3 at 8-9. He has asserted that agency officials testified at a hearing that they did not view D.R.'s use of PARIS as unauthorized and, by implication, his use was not unauthorized. *Id.* We disagree. The conduct of comparators will be considered in assessing the reasonableness of the penalty but is not relevant to whether the agency met its burden of proof to establish each element of the charge. *See Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 332 (1981) (explaining that consistency of the penalty with those imposed upon other employees for the same or similar offenses is one factor that must be considered in determining whether the agency's selected penalty is reasonable). The appellant also argues on review that the agency's decision not to charge him with providing information to J.F. precludes it from proving the charge. PFR File, Tab 3 at 10. On this point, he has cited *Scherer v. Department of the Treasury*, 12 M.S.P.R. 476, 479-80 (1982), for the purported proposition that removal is not appropriate for unauthorized use of Government property when there is no personal gain. PFR File, Tab 3 at 10-11. However, *Scherer* does not stand for the proposition that personal gain is an element of proof in an unauthorized use charge; rather, the lack of personal gain was merely one of the *Douglas* factors referenced by the Board in discussing mitigation of the penalty. *Scherer*, 12 M.S.P.R. at 479. We agree with the administrative judge that the agency has met its burden of proof as to this charge.

---

[3] In its letter sustaining the notice of proposed removal, the agency reiterated TSA's ethics rules, which state, "You have a duty to protect and conserve Government property and may not use such property for other than authorized purposes." IAF, Tab 26 at 31.

<u>We agree with the administrative judge that the agency proved its misuse of position charge.</u>

¶12    To prove a charge of misuse of position, an agency must prove that the appellant misused his Government position resulting in private gain. *See Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶ 11 (2016), *clarified by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-24. To prove its charge, the Board has held that the agency must show that the appellant actually received private gain, not just the appearance of private gain. *See Mann v. Department of Health and Human Services*, 78 M.S.P.R. 1, 8 (1998); *Burnett v. U.S. Soldiers' and Airmen's Home*, 13 M.S.P.R. 311, 313-15 (1982).

¶13    The appellant stipulated that he accessed PARIS to view an EIR concerning J.F. and that, by doing so, he obtained knowledge of privileged information. ID at 12-13. He disputed, before the administrative judge and again on review, that he received private gain by doing so. PFR File, Tab 3 at 13-15. On this point, the administrative judge considered and rejected the appellant's testimony that he did not access PARIS for the purpose of assisting J.F. ID at 13. She found the appellant's contentions—that he did not provide nonpublic information to J.F. and that he did not provide substantive assistance in preparing J.F.'s response to the LOI—to be "inherently implausible and unworthy of belief."[4] ID at 14. This finding was based, in part, on the appellant's testimony, which reflected similarities to J.F.'s written response. ID at 14 n.8. However, the administrative judge clarified that she need not decide whether the appellant inserted specific

---

[4] The appellant appears to assert that, because the agency did not charge him with providing information to J.F., the administrative judge was precluded from making a finding on this issue. We disagree. *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (stating that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning); *see also* 5 C.F.R. § 1201.111(b)(1)-(2) (stating than an initial decision must contain findings of fact and conclusions of law upon all material issues and the reasons or bases for those findings).

privileged information that he viewed in PARIS into J.F.'s response to the LOI because, in any event, he derived a personal benefit by learning the status of the agency's investigation, reviewing the full internal records and privileged information that was not available to J.F., and assisting J.F. in preparing a response. ID at 14. She found that the appellant furthered his own private interests relating to his personal relationship with J.F. ID at 14-15. The Board has found private gain in similar circumstances. *See, e.g.*, *Baker v. Department of Health and Human Services*, 41 M.S.P.R. 363, 366 (1989) (finding that the appellant's disclosure of confidential information to a subcontractor concerning finalists for a contract benefited the appellant's private interest, namely, his friendship with the subcontractor's employee), *aff'd*, 912 F.2d 1448 (Fed. Cir. 1990).

¶14     On review, the appellant asserts that the agency admitted that the appellant did not disclose information to J.F. PFR File, Tab 3 at 13. We disagree. The agency asserted that it did not charge the appellant in its notice of proposed removal with providing information to J.F.; it did not admit that the appellant did not provide information to J.F. IAF, Tab 31 at 18-20. The appellant also emphasizes on review that J.F.'s response to the LOI did not contain any information that was not publicly available and, therefore, the appellant did not receive any private gain from his access to PARIS. PFR File, Tab 3 at 14-15. That the appellant attempted to hide his unauthorized access by not highlighting the information he wrongfully obtained in J.F.'s response to the LOI does not negate that he furthered his relationship with J.F. by obtaining the information in the first place. The appellant has provided no reason to disturb the administrative judge's well-reasoned credibility findings discussed above and we decline to do so. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (explaining that the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing and the Board may only overturn

such determinations when it has sufficiently sound reasons for doing so). We find that the agency has proved the misuse of position charge.

<u>We agree with the administrative judge that the appellant failed to prove his affirmative defenses.</u>

¶15    The administrative judge found that the appellant failed to prove his affirmative defenses of sex discrimination and whistleblower reprisal. ID at 15-26. The appellant has challenged those findings on review. PFR File, Tab 3 at 15-24. We address each in turn below.

*Sex Discrimination*

¶16    The appellant alleged that the agency's decision to remove him was the result of sex discrimination because D.R., a female coworker, engaged in the same behavior but was not disciplined. ID at 17. The appellant testified that he once heard a supervisor refer to D.R. as his "perfect little angel." *Id.* Additionally, he testified that D.R. once screamed at a supervisor and was not disciplined. *Id.* The administrative judge found that the appellant failed to demonstrate that D.R. was similarly situated to him for purposes of a discrimination affirmative defense and that, considering the remaining evidence in the record, the appellant failed to prove that his sex was a motivating factor in his removal. ID at 18-19; *see Pridgen*, 2022 MSPB 31, ¶ 23 (describing the methods by which an appellant may prove a discrimination affirmative defense).

¶17    To be similarly situated, a comparator must have reported to the same supervisor, been subjected to the same standards governing discipline, and engaged in conduct similar to the appellant, without differentiating or mitigating circumstances. *Pridgen*, 2022 MSPB 31, ¶ 27. Although D.R. and the appellant reported to the same supervisor and engaged in similar conduct, we find that the agency adequately explained why the appellant was disciplined and D.R. was not. The individual who supervised the appellant and D.R. testified that he did not discipline D.R. because she looked at PARIS records to verify that the case the appellant had improperly accessed involved the appellant's fiancé before

reporting him for misconduct. Hearing Record (testimony of C.S.). He stated that D.R. was validating information before reporting misconduct and there was no reason to discipline her for that access. *Id.* Although the appellant reasserts on review that his access, like D.R.'s, was intended to investigate waste, fraud, and abuse, the administrative judge found that his explanation was unworthy of belief. ID at 13-14; PFR File, Tab 3 at 18-19. We agree with the administrative judge that, even considering the remaining evidence in the record, the appellant has failed to meet his burden to prove that his sex was a motivating factor in his removal. ID at 18-19; *see Pridgen*, 2022 MSPB 31, ¶¶ 21-22 (explaining that, to obtain any relief, the appellant must show, at a minimum, that the prohibited consideration was a motivating factor in the personnel action).

*Whistleblower Reprisal*

¶18    The appellant has alleged, both before the administrative judge and again on review, that the agency removed him in retaliation for his protected whistleblower disclosures. In relevant part, the appellant's disclosures concerned his communications to D.R. and to an agency investigator that he believed TSA applied incorrect regulations in the EIR concerning J.F., and that the proposed civil penalty in the EIR and LOI was too high.[5] ID at 20-21; PFR File, Tab 3 at 20-23. The administrative judge found that the appellant failed to prove that his disclosures are protected by 5 U.S.C. § 2302(b)(8). ID at 20-24. Alternatively, she found that, assuming there was a protected disclosure, the appellant proved that it was a contributing factor in the agency's decision to remove him but, in any event, the agency proved by clear and convincing evidence that it would have removed him in the absence of his protected whistleblowing. ID at 24-26. The appellant challenges these findings on review

[5] Before the administrative judge, the appellant alleged that he engaged in additional whistleblowing by communicating with the Office of Inspector General, the Office of Special Counsel, and a congressional representative. The administrative judge found that this whistleblowing occurred after the removal decision and therefore could not have been a contributing factor in the decision. ID at 24. The appellant has not challenged that finding on review and we find no reason to disturb it.

and appears to reassert that he disclosed abuse of authority and a violation of law, rule, or regulation. PFR File, Tab 3 at 21-22.

¶19      We agree with the administrative judge that the appellant's purported disclosures are not protected under whistleblower protection laws. ID at 21-24. Following his improper access of an investigative report and other predecisional materials concerning his fiancé, the appellant voiced his disagreement with the agency's investigation. ID at 22. However, pursuant to the agency's policies, after TSA completed the investigation and J.F. responded to the LOI, the case would be referred to Field Counsel, who would review and request changes before issuing a final proposed civil penalty. *Id.* At each step in the process, and particularly in the agency's predecisional and deliberative investigative report, the agency has the authority to exercise discretion. The files viewed by the appellant contained the investigator's opinions and recommendations. IAF, Tab 26 at 29. We therefore agree with the administrative judge that the appellant's disclosures evidenced mere disagreement with debatable policy decisions and that the appellant did not reasonably believe he was disclosing an arbitrary and capricious exercise of power or that TSA violated any law, rule, or regulation. ID at 21-24; *see* 5 U.S.C. § 2302(b)(8)(A)(i) (stating that a protected disclosure is one that the employee reasonably believes evidences a violation of law, rule, or regulation); *Herman v. Department of Justice*, 115 M.S.P.R. 386, ¶ 11 (2011) (stating that, to prove abuse of authority, an appellant must prove by preponderant evidence that he disclosed an arbitrary or capricious exercise of power by a Federal official that adversely affects the rights of any person or results in personal gain or advantage to himself or other persons); *see also Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶ 12 & n.6 (2015) (finding that disclosures concerning a proposed policy were not protected by whistleblower protection laws). The appellant's arguments on review are insufficient to warrant a different outcome. PFR File, Tab 3 at 20-23.

¶20    Because we agree with the administrative judge that the appellant did not prove that he made a protected whistleblower disclosure pursuant to 5 U.S.C. § 2302(b)(8), we vacate the administrative judge's alternative findings that the appellant proved contributing factor and that the agency proved it would have removed the appellant in the absence of any protected whistleblowing.  *See Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 n.10 (2014), *aff'd*, 623 F. App'x 1016 (Fed. Cir. 2015).

We agree with the administrative judge that the agency's selected penalty of removal is reasonable.

¶21    The Board will review an agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within tolerable limits of reasonableness.  *Douglas*, 5 M.S.P.R. at 306.  In reviewing the agency-imposed penalty, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency. *Id.* at 302.  On review, the appellant asserts, as he did before the administrative judge, that removal is not warranted because the agency did not discipline D.R. for her access of J.F.'s records on PARIS.  PFR File, Tab 3 at 15-17.

¶22    The Board recently addressed the consideration of comparators in analyzing the reasonableness of a penalty in *Singh v. U.S. Postal Service*, 2022 MSPB 15. The Board cautioned that it should not attempt to weigh the relative seriousness of various offenses to determine whether two employees who committed different acts of misconduct were treated disparately.  *Id.*, ¶ 17.  It also reiterated that the consistency of the penalty with those imposed upon other employees for the same or similar offenses is simply one of a nonexhaustive list of 12 factors that should be considered in determining the appropriateness of a penalty.  *Id.*, ¶ 18.  In this case, the deciding official testified that D.R.'s access of PARIS was a "completely different situation" from the appellant's situation because D.R. accessed PARIS solely for the purpose of reporting the appellant's misconduct. ID at 28.  D.R. reported the appellant's misconduct on the same day she accessed

PARIS to verify the case number. IAF, Tab 26 at 134. Although the appellant has repeatedly asserted that he accessed PARIS to investigate waste, fraud, and abuse, he did not report such waste, fraud, and abuse to any management official until after he was being investigated for misuse of Government property. *Id.* at 141. For the reasons set forth in the initial decision, we find that removal does not exceed the bounds of reasonableness. ID at 27-29.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.    5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.   Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.   The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.   This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.   If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.    5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).   If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.